**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Martin GARCIA–GALLEGOS, Defendant–Appellant.**

**No. 05–40381. Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

Decided Feb. 23, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

the limited circumstances set forth in 5TH CIR.  R. 47.5.4.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Martin Garcia–Gallegos pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326. He appeals his 57–month sentence, arguing that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional.

Garcia–Gallegos's constitutional challenge to 8 U.S.C. § 1326 is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Garcia–Gallegos contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* — U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Garcia–Gallegos properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.